UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ALLEN BRAZEE, Booking No. 23-2740, <br><br>                              Plaintiff, <br><br> vs. <br><br> IMPERIAL COUNTY JAIL MEDICAL STAFF, <br><br>                              Defendant. | Case No.:  24-cv-0761-MMA (DDL) <br><br> **ORDER DISMISSING CIVIL ACTION FOR FAILING TO PAY FILING FEE AND/OR MOVE TO PROCEED IN FORMA PAUPERIS AND AS FRIVOLOUS PURSUANT TO** <br> **28 U.S.C. § 1915A(b)(1)** |

      Plaintiff Gregory Allen Brazee, currently incarcerated at the Imperial County Jail ("ICJ") in El Centro, California and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, on April 25, 2024.  (*See* Compl., Doc. No. 1).  Plaintiff did not pay the $405 civil filing fee required by 28 U.S.C. § 1914(a), and has not filed a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  Therefore, his case is subject to dismissal for these reasons alone.  However, the Court notes Plaintiff has recently filed another civil action in the Court against the same Defendants and alleging the same claims.  Accordingly, for the reasons explained below, the Court also **DISMISSES** this subsequently filed civil action as duplicative pursuant to 28 U.S.C. § 1915A(b)(1).

## I. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c).  Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011).  "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil action he has recently filed in this Court.  *See Brazee v. Imperial County Jail, et al.*, S.D. Cal. Civil Case No. 3:24-cv-00651-RBM (JLB) ("*Brazee I*") (Doc. No. 1).  A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

In *Brazee I*, Plaintiff claims the ICJ, and mostly unidentified members of its medical staff, have failed over the past three months to provide proper medical care for his infected leg.  (*See Brazee I*, Doc. No. 1 at 2–3, 5.)  On April 17, 2024, U.S. District Judge Ruth Bermudez Montenegro denied without prejudice Plaintiff's Motion to

1 | Proceed IFP because he failed to attach certified copies of his prison trust account
2 | statements, or an institutional equivalent, as required by 28 U.S.C. § 1915(a)(2).  (*Id.*,
3 | Doc. No. 3 at 3.)  Judge Montenegro granted Plaintiff 45 days leave in which to correct
4 | this deficiency, directed the Clerk of the Court to provide Plaintiff with the Court's form
5 | Motion and Declaration in Support of Motion to Proceed In Forma Pauperis for his use
6 | and convenience, and advised him to complete and re-submit it to the Clerk and to
7 | include Civil Case No. 24-cv-00651-RBM (JLB) in its caption.  (*Id.* at 4.)

8 |      Plaintiff has yet to comply with Judge Montenegro's Order, but he still has time to
9 | do so.  In the meantime, however, Plaintiff submitted a separate civil rights complaint
10 | with the Clerk of the Court on April 25, 2024.  The subsequent complaint was assigned to
11 | this Court as *Brazee v. Imperial County Jail Medical Staff,* and designated Civil Case No.
12 | 24-cv-00761-MMA (DDL) ("*Brazee II*"), but it names the same Defendants, alleges the
13 | same causes of action based on ICJ staff's alleged failures to adequately treat his leg
14 | infection over the last three months, and requests the same relief as the complaint
15 | Plaintiff filed on April 5, 2024 in *Brazee I.*  (*See* Doc. No. 1 at 1–3.)

16 |      A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it
17 | "merely repeats pending or previously litigated claims."  *Cato v. United States*, 70 F.3d
18 | 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and
19 | internal quotations omitted).  Because Plaintiff has already brought and is currently
20 | pursuing the same claims presented in the instant action against the same defendants in
21 | *Brazee I*, the Court will also dismiss this duplicative and subsequently filed civil case
22 | pursuant to 28 U.S.C. § 1915A(b)(1).  *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at
23 | 446 n.1; *see also Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 688–89 (9th Cir.
24 | 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine
25 | whether the causes of action and relief sought, as well as the parties or privies to the
26 | action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880,
27 | 904 (2008).
28 | / / /

## II. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that this civil action is **DISMISSED** based on Plaintiff's failure to pay the civil filing required by 28 U.S.C. § 1914(a), his failure to move to proceed IFP pursuant to 28 U.S.C. § 1915(a), and as duplicative pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that the dismissal of this case will operate without prejudice to Plaintiff's pursuit of his claims as alleged in *Brazee v. Imperial County Jail, et al.*, S.D. Cal. Civil Case No. 24-cv-00651-RBM (JLB). Plaintiff is advised that any further filings he wishes to submit for Judge Montenegro's consideration in *Brazee I*, must clearly include reference to **Civil Case No. 24-cv-00651-RBM (JLB)**. The Clerk will **TERMINATE** Civil Case No. 24-cv-00761-MMA (DDL), require no separate filing fee be paid,[1] and close the file.

**IT IS SO ORDERED**.

Dated: April 30, 2024

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] 28 U.S.C. § 1915 provides that even if "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). For those prisoners granted leave to proceed IFP, the court must assess "an initial partial filing fee" *each time* a prisoner "brings a civil action or files an appeal." *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016) (emphasis added). Because the Court presumes Plaintiff wishes only to pursue *one* civil rights action related to his medical care at ICJ, it will not demand he pay the $405 civil filing fee twice.